# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

PAUL KOZEL, an individual, d/b/a )
THE WRANGLERS CLUB, )
                                                            )
                 Plaintiff, )
                                                            )
v. )   Case No. CIV-08-471-FHS
                                                            )
JIM DUNCAN, et al., )
                                                            )
                 Defendants. )

## ORDER

Before the court is the motion of the "state defendants"[1] for summary judgment. Plaintiff brings both federal claims and state law claims in this action. The applicable standard is set forth in Rule 56(c)(2) F.R.Cv.P. The court views the record in the light most favorable to the party opposing summary judgment. *Warren v. Liberty Mut. Fire Ins. Co.*, 555 F.3d 1141, 1145 (10th Cir.2009).

Plaintiff is the proprietor of the Wranglers Club ("Wranglers"), a dance club/pool hall located within Pushmataha County, Oklahoma. Wranglers permits patrons under the age of twenty-one to enter. Beer may be purchased, however, only in a designated bar area. In addition, the club permits patrons to exit the club with a cup provided to them inside the bar, then re-enter with the cup. In recent years, law enforcement agencies received complaints about individuals under the age of twenty-one drinking in area bars, including Wranglers.

---

[1] These are Oklahoma troopers Miller, Dlugokinski, Riffe, Sayre and Darst, district attorneys Wallis and Grant, and finally defendant Hedgecock of the Pushmataha District Attorney Drug Task Force. Plaintiff has argued that Hedgecock was actually a county employee, but the court is persuaded that movants have adequately demonstrated he is properly characterized as a state employee. (Reply (#154) at 3 and Exhibits).

The caption of the complaint expressly states that the movants are sued only in their official capacity[2]. Defendants correctly note that in suits for damages neither a State nor its officials acting in their official capacities are "persons" under §1983. *See Ross v. Bd. of Regents,* 599 F.3d 1114, 1117 (10th Cir.2010). In these circumstances, the barrier is not Eleventh Amendment immunity, but rather that §1983 creates no remedy against a State. *See Prokop v. Colorado,* 30 Fed.Appx. 820 (10th Cir.2002).

In the interest of thoroughness, however, the court notes that the Eleventh Amendment, if reached, would also be a valid basis to dismiss the federal claims. "Under the Eleventh Amendment, a state is generally immune from suit in federal court." *Derrick v. Ward,* 91 Fed.Appx. 57 (10th Cir.2004). "State officials, acting in their official capacity, are considered to be acting on behalf of the state, so they also receive Eleventh Amendment immunity from suits in federal court." *Id.* The State of Oklahoma has not waived its Eleventh Amendment immunity and Congress did not abrogate the sovereign immunity of the state in enacting §1983. *Id.*

As noted, plaintiff also brings state law tort claims (trespass, nuisance, intentional infliction of emotional distress, assault and battery, civil conspiracy and tortious interference

---

[2]The Tenth Circuit "course of the proceedings" test is only applicable when the complaint fails to specify the capacity in which the government official is sued. *See Trackwell v. U.S. Government,* 472 F.3d 1242, 1244 (10th Cir.2007). Here, the complaint was unambiguous. Plaintiff has sought to amend his original complaint to add, *inter alia*, allegations against the movants in their individual capacities. The court has denied leave to amend based upon untimeliness. Generally, the retention of a new attorney is not sufficient justification. *See Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (10th Cir.1981). Moreover, the amendment would have prejudiced the opposing parties. *See Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir.1993)(an amendment in defendant's capacity in a §1983 lawsuit alters the elements of recovery and defense); *see also Atchinson v. District of Columbia,* 73 F.3d 418, 424-28 (D.C.Cir.1996).

with business relationships) against defendants. Having ruled that plaintiffs' federal claims as to movants are subject to dismissal, the court has considered the issue of supplemental jurisdiction. In light of the fact that (in a separate order) the court has not dismissed all federal claims against defendant Duncan, the court will retain jurisdiction of the state law claims. *See S.R. v. Hilldale Independent School District,* 2008 WL 2185420 at *5 (E.D.Okla.2008).

First, the court notes again that the complaint names the defendants only in their official capacities. Designating an employee in his or her official capacity as a named defendant is improper under the Oklahoma Governmental Tort Claims Act. *See Speight v. Presley,* 203 P.3d 173, 179 (Okla.2008). The appropriate governmental entity has not been named as a defendant. *See also* 51 O.S. §163(C).

Again in the interest of thoroughness, the court will address the claims as stated. The only allegation against defendant Hedgecock deals with incidents that occurred on August 11, 2007. Plaintiff does not dispute that he did not file his notice of tort claim with the State until August 27, 2008. Pursuant to 51 O.S. §156(B), any tort claim against Hedgecock is barred as outside the one-year statute of limitations.

As to defendants Wallis and Grant, the allegations involve conduct within their prosecutorial duties. Immunity is granted to them by 51 O.S. §155(2).

Finally, defendants Dlugokinski, Riffe, Sayre, Miller and Darst were troopers seeking to enforce the law as to underage drinking. These movants argue that immunity under §155(4) and (6) precludes recovery. A similar argument was rejected in *Morales v. City of*

3

*Oklahoma City ex rel. Oklahoma City Police Dept.,* 230 P.3d 869, 875-76 (Okla.2010). Nevertheless, the claims against these movants will be dismissed as well, because they are named only in their official capacities.

It is the order of the court that the motion for summary judgment (#119) is GRANTED. This action is dismissed as to defendants Hedgecock, Wallis, Grant, Dlugokinski, Riffe, Sayre, Miller and Darst.

The motion to strike plaintiff's response (#150) is denied.

**ORDERED THIS 28th DAY OF JULY, 2010.**

Frank H. Seay
United States District Judge
Eastern District of Oklahoma