**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL KOZEL, an individual, d/b/a** | ) | |
| **THE WRANGLERS CLUB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-08-471-FHS** |
| | ) | |
| **JIM DUNCAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the court is the motion of the defendant Jim Duncan for summary judgment.

Duncan, the Sheriff of Pushmataha County, is sued in both his official capacity and his

individual capacity[1]. Plaintiff brings both federal claims and state law claims in this action.

The applicable standard is set forth in Rule 56(c)(2) F.R.Cv.P. The court views the record

in the light most favorable to the party opposing summary judgment. *Warren v. Liberty Mut.*

*Fire Ins. Co.,* 555 F.3d 1141, 1145 (10th Cir.2009).

Plaintiff is the proprietor of the Wranglers Club ("Wranglers"), a dance club/pool hall

located within Pushmataha County, Oklahoma. Wranglers permits patrons under the age of

twenty-one to enter. Beer may be purchased, however, only in a designated bar area. In

addition, the club permits patrons to exit the club with a cup provided to them inside the bar,

---

[1]The fact that the caption of the complaint expressly makes this distinction as to Duncan lends support
to the view that the decision to sue the other defendants only in their official capacity was a considered
decision of plaintiff's original counsel.

then re-enter with the cup.  In recent years, law enforcement agencies received complaints about individuals under the age of twenty-one drinking in area bars, including Wranglers.

For his federal claims, plaintiff alleges a deprivation of his rights guaranteed by the First, Fourth and Fourteenth Amendments.  He asserts the deprivation occurred as a result of retaliation against plaintiff after he protested to the district attorney regarding the sheriff's department parking a patrol unit in the Wranglers parking lot almost every night the establishment was open for business.  The next weekend, plaintiff contends, the number of patrol units in his parking lot increased.  Also, law enforcement vehicles began parking on the highway right-of-way directly in front of Wranglers.  Further, officers routinely entered Wranglers.

A suit against a county sheriff in his official capacity is equivalent to a suit against the county itself.  *Whitewater v. Goss,* 192 Fed.Appx. 794 (10th Cir.2006).  Liability can be imposed on the county only if (1) a constitutional violation occurred, and (2) the violation was caused by a government policy or custom.  *Id.*  A government policy or custom may be manifested either in the acts of its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  *Id.*  Here, the parties do not dispute that the decisions of Sheriff Duncan represent official policy for purposes of the acts under review.

To make out a claim for supervisor liability under §1983, a plaintiff must show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir.2008).

To succeed on a First Amendment retaliation claim against a non-employer, a plaintiff must prove: (1) he was engaged in constitutionally protected activity; (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's actions were substantially motivated to respond to his exercise of the constitutionally protected activity. *Rocky Mountain Rogues, Inc. v. Town of Alpine,* 2010 WL 1531156 (10th Cir.2010). Under plaintiff's version of the facts, he complained about defendant Duncan and his deputies to the Pushmataha County District Attorney's Office and "[t]he next weekend" (Plaintiff's Exhibit A at ¶4) officers began parking their patrol units in the parking lot of Wranglers. The court finds this is an adequate showing to deny summary judgment as to this claim. The temporal proximity of the conduct justifies a permissible inference as to intent or failure of supervision.

Turning to the Fourth Amendment claims, defendant has correctly noted that a commercial property owner's Fourth Amendment rights are particularly attenuated in commercial property employed in closely regulated industries, such as the liquor industry. *See Club Retro, L.L.C. v. Hilton,* 568 F.3d 181, 197 (5th Cir.2009).

To avoid constitutional infirmity, a regulation providing for warrantless inspections of a pervasively regulated business must meet three criteria: (1) there must be a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made; (2) the warrantless inspections must be necessary to further the regulatory scheme; and (3) the statute's inspection program, in terms of the certainty and regularity of its application,

must provide a constitutionally adequate substitute for a warrant. *Id.* (citing *New York v. Burger,* 482 U.S. 691 (1987))[2]. Here, defendants have not pointed to any regulatory scheme justified by statute. The entries and examinations of Wranglers seem to have been based upon whim. Summary judgment is denied as to this claim as well[3].

In a second Fourth Amendment claim, plaintiff contends he was subjected to excessive force when defendant Duncan poked or hit him in the chest with a flashlight during one of the encounters at Wranglers. The court initially notes that the facts presented do not implicate the Fourth Amendment, because there was no search or seizure involved in the encounter. Rather, the contact is analyzed under the Fourteenth Amendment substantive due process standard. *See Clark v. Edmunds,* 513 F.3d 1219, 1222 (10th Cir.2008). Such a claim requires executive action that can only properly be characterized as arbitrary, or conscience shocking. *Id.*

Again, taking the evidence in the light most favorable to plaintiff, there was more than a single "poke" with the flashlight as defendant contends. Nevertheless, the court does not find plaintiff has demonstrated a constitutional violation under the governing standard, although he does state a claim for battery under Oklahoma law (and might have stated a constitutional claim in the Fourth Amendment context). This was not a beating with a flashlight, but a series of lesser blows. It does not rise to the level of conscience-shocking.

---

[2]*See also United States v. Mitchell,* 518 F.3d 740, 751 (10th Cir.2008).

[3]Absent a warrant, consent, or other exigent circumstances, law enforcement officers act unreasonably and thus unconstitutionally when they enter a commercial property to conduct a search for contraband or evidence of a crime. *Id.* at 195 (citing *Donovan v. Dewey,* 452 U.S. 594, 598 n.6 (1981)).

The court notes in passing defendant's argument that the claim should be dismissed on the basis that plaintiff did not demonstrate bruising or physical injury. This argument would not have prevailed under the Fourth Amendment. *See Grass v. Johnson,* 322 Fed. Appx. 586 (10th Cir.2009). Summary judgment is granted on this claim, as to the defendant in both his official and individual capacities.

Finally, plaintiff seeks to bring a due process claim under the Fourteenth Amendment. The court finds this claim survives summary judgment. In *Benigni v. City of Hemet,* 879 F.2d 473 (9th Cir.1988), the court held that the owner of a bar stated a cause of action for deprivation of a liberty interest by alleging that the defendant City engaged in a campaign of harassment that infringed on the plaintiff's constitutional right to pursue an occupation[4]. *See also Thomas v. Independence Twp.,* 463 F.3d 285, 297 (3d Cir.2006).

These same federal claims are asserted against defendant in his individual capacity and he interposes the defense of qualified immunity. Qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against governmental entities or official sued in their official capacities. *See Starkey ex rel. A.B. v. Boulder County Social Servs.,* 569 F.3d 1244, 1263 n.4 (10th Cir.2009).

Once the qualified immunity defense is asserted, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the

---

[4]Defendant contends there is no adequate support for plaintiff's contention that defendant threatened to actually close his business. The court disagrees. Plaintiff's deposition and the Turner affidavit (Plaintiff's Exhibit J) at ¶9 create genuine issues of material fact.

conduct at issue. *Mink v. Knox,* 2010 WL 2802729 (10th Cir.2010). Based upon the analysis above in addressing the claims as official-capacity claims, the court finds that as to each claim (save excessive force), plaintiff has adequately demonstrated that a constitutional right was violated.

The court now addresses whether these rights were "clearly established". To satisfy this burden, plaintiff must present either a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *Painter v. The City of Albuquerque,* 2010 WL 2511539 (10th Cir.2010). The excessive force claim has already been dismissed. The court finds the plaintiff's due process/harassment claim was <u>not</u> clearly established under the criteria established by the Tenth Circuit. It does not appear to have been addressed by a Tenth Circuit opinion and there is not a weight of authority from other circuits. The court will grant defendant's motion for summary judgment based on qualified immunity, but solely as to the due process claim. In other words, the claim survives against defendant in his official capacity but not in his individual capacity.

Defendant also argues that the action should be dismissed because plaintiff has failed to demonstrate actual injury. Without ruling as to plaintiff's proof, the court disagrees. A litigant is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensatory injury. *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 317 (2d Cir.1999).

Defendant also moves for summary judgment as to the state-law claims brought against him pursuant to the Oklahoma Governmental Tort Claims Act. This aspect of the motion will be granted in part. First, any claim accruing prior to August 27, 2007 is time-barred because plaintiff admits he did not file his tort notice with the State until August 27, 2008. *See* 51 O.S. §156(B). Defendant's argument that he is immune pursuant to 51 O.S. §155(4) and (6) is rejected, based on *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dept.,* 230 P.3d 869 (Okla.2010). This court rejects reliance upon 51 O.S. §155(9) based upon similar reasoning as used in the *Morales* decision.

Defendant also presents an argument that the state-law claims fail on the merits. Plaintiff does not appear to have presented an argument in opposition on this point. Nevertheless, the court declines to completely adopt defendant's argument. The court will grant summary judgment as to plaintiff's claim of trespass, nuisance, civil conspiracy and intentional infliction of emotional distress for the reasons stated in defendant's brief. The motion for summary judgment is denied as to plaintiff's claim for assault and battery, as there are genuine issues of material fact precluding such a grant.


It is the order of the court that the motion for summary judgment (#160) is GRANTED in part and DENIED in part. The motion is granted as to plaintiff's claim for excessive force. The motion is granted as to plaintiff's claim for due process violation against defendant, but only in defendant's individual capacity. The motion is granted as to

plaintiff's state law claims of trespass, nuisance, civil conspiracy and intentional infliction of emotional distress.

In all other respects, the motion is denied. All plaintiff's claims not addressed in the preceding paragraph remain pending.

The defendant's motion in limine (#168) is denied without prejudice to renewal, as the court anticipates an interlocutory appeal on the issue of qualified immunity.

**ORDERED THIS 28th DAY OF JULY, 2010.**

Frank H. Seay
United States District Judge
Eastern District of Oklahoma